# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| LISA WILSON, | Case No. 1:19-cv-327 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| ULTA SALON, COSMETIC & FRAGRANCE, INC., | |
| Defendant. | |

## ORDER GRANTING PLAINTIFF'S
## MOTION TO REMAND (Doc. 9)

This case is before the Court on Plaintiff Lisa Wilson's Motion to Remand (Doc. 9), as well as the parties' responsive memoranda (Docs. 10, 14).

## I. BACKGROUND

Plaintiff Lisa Wilson ("Plaintiff") filed this case in the Hamilton County Court of Common Pleas on October 29, 2018. (Doc. 1-1 at 6–11). Plaintiff's original complaint (the "Original Complaint") contained one claim, defamation, and identified four parties as "defendants": Ulta Salon, Cosmetic & Fragrance, Inc. ("Defendant Ulta"), Cynthia Fuller Collins, Jennifer Robben, and Dana Aicher (collectively, the "Ulta Employees").[1] (*Id.*) Plaintiff is a resident of Ohio; Defendant Ulta is a resident of Delaware and Illinois; and the Ulta Employees are residents of Kentucky, Ohio, and Kentucky, respectively.

---

[1] As stated in the first sentence of the Original Complaint: "Pursuant to Rule 8 of the Ohio Rules of Civil Procedure, Plaintiff Lisa Wilson for her Complaint against **Defendants** Ulta Salon, Cosmetic & Fragrance, Inc. ('Ulta'), Cynthia Fuller Collins, Jennifer Robben, and Dana Aicher (collectively '**Defendants**'), states as follows: . . . ."  (Doc. 1-1 at 6 (emphasis added)).

(*Id.* at 7).

On January 24, 2019, Defendants filed a motion to dismiss the Original Complaint.[2] (Doc. 5). In response, on February 18, 2019, Plaintiff filed both: (1) an opposition memorandum (the "Opposition Memorandum") (Doc. 6); and (2) an amended complaint (the "Amended Complaint") (Doc. 4). The Opposition Memorandum stated, *inter alia*, as follows: "**[i]n her Amended Complaint Plaintiff also eliminated her claims against the three individual employee defendants** [*i.e.*, the Ulta Employees]." (Doc. 6 at 11 n.3 (emphasis added)).

The Amended Complaint contained three claims: defamation, tortious interference, and "*respondeat superior.*" (Doc. 4 at 6–8). Notably:

- While the Amended Complaint retained the same caption as the Original Complaint (and subsequent filings)—*i.e.*, Wilson v. Ulta Salon, Cosmetic & Fragrance, Inc., **et al.**—the Amended Complaint only identified one party as a "defendant": Defendant Ulta (*id.* at 1);[3] and

- While the Amended Complaint contained allegations regarding the Ulta Employees' conduct, the Amended Complaint only sought relief from one party: Defendant Ulta (*id.* at 8 ("**WHEREFORE**, Plaintiff Lisa Wilson requests that judgment be entered against Defendant Ulta Salon, Cosmetic & Fragrance, Inc. as follows . . . .")).

---

[2] Collectively, the Court refers to Defendant Ulta and the Ulta Employees as "Defendants."

[3] As stated in the first sentence of the Amended Complaint: "Pursuant to Rule 8 and Rule 15(A) of the Ohio Rules of Civil Procedure Plaintiff Lisa Wilson ('Wilson'), for her First Amended Complaint against **Defendant** Ulta Salon, Cosmetic & Fragrance, Inc., ('Ulta') states as follows: . . . ." (Doc. 4 at 1 (emphasis added); *see also id.* at 3 (defining the Ulta Employees as the "Ulta Employees," rather than "Defendants")).

2

On April 12, 2019, about two months after Plaintiff filed the Opposition Memorandum and the Amended Complaint, counsel for Defendants reached out to counsel for Plaintiff (via email) to see whether Plaintiff would agree to dismiss the Ulta Employees from the case. (Doc. 14 at 8, 10; *accord* Doc. 10-1 at 1). In response (also on April 12, 2019), counsel for Plaintiff informed counsel for Defendants (also via email) that Plaintiff "ha[d] already effectively done that by dropping all of the individuals from the Amended Complaint." (Doc. 14 at 8, 10; *accord* Doc. 10-1 at 1).

Notwithstanding Plaintiff's representation, on April 15, 2019, counsel for Defendants reached out to counsel for Plaintiff to see whether Plaintiff would agree to the filing of a stipulation of dismissal (the "Stipulation of Dismissal"), which, *inter alia*, provided as follows: "Plaintiff voluntarily dismisses all of her claims against Cynthia Fuller Collins, Jennifer Robben, and Dana Aicher [*i.e.*, the Ulta Employees] . . . with prejudice." (Doc. 14 at 12). "As a courtesy, and to make clear that the dismissals were intended to be with prejudice," counsel for Plaintiff agreed.[4] (Doc. 14 at 9).

The Stipulation of Dismissal was filed on April 17, 2019. (Doc. 1-1 at 171–72). Thereafter, on May 2, 2019, Defendant Ulta filed a notice of removal (the "Notice of Removal"), which effectuated the removal of this case to this Court on the basis of diversity jurisdiction (Doc. 1), and, on May 14, 2019, Plaintiff filed a motion to remand

---

[4] This fact comes from counsel for Plaintiff's declaration. (Doc. 14 at 8–9). Counsel for Defendant Ulta has informed the Court, in its own declaration, that "[a]t no point did either party express that the [S]tipulation [of Dismissal] was to settle a question of dismissal with or without prejudice." (Doc. 10-1 at 2). However, counsel for Defendant Ulta has not rebutted the fact that counsel for Plaintiff agreed to file the Stipulation of Dismissal "[a]s a courtesy, and to make clear that the dismissals were intended to be with prejudice . . . ." (Doc. 14 at 9).

3

(the "Motion to Remand"), which seeks the remand of this case to state court for failure to comply timely with 28 U.S.C. § 1446(b)(3) (Doc. 9). The parties have fully briefed the Motion to Remand, which is now ripe for adjudication. (Docs. 9, 10, 14).

## II. STANDARD OF REVIEW

To remove a case from state court, a defendant must file a notice of removal in federal court. 28 U.S.C. § 1446(a). Where a case is not removable when filed, "the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(3)); *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 950 (6th Cir. 2011).

"[T]he 30-day time requirement for removal is to be strictly applied, and the failure to meet the requirement is a formal barrier to the exercise of federal jurisdiction." *Gascho v. Glob. Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 686 (S.D. Ohio 2012); *see, e.g.*, *Music v. Arrowood Indem. Co.*, 632 F.3d 284, 287 (6th Cir. 2011); *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993). The removing defendant has the burden "to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true." *Cancino v. Yamaha Motor Corp., U.S.A.*, 494 F. Supp. 2d 664, 666 (S.D. Ohio 2005).

"In the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of § 1446(b) should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *accord Coyne v. Am. Tobacco Co.*,

183 F.3d 488, 493 (6th Cir. 1999) ("All doubts as to the propriety of removal are resolved in favor of remand." (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

### III. ANALYSIS

Here, the parties agree that this case was not removable when filed. (*See* Doc. 9 at 2; Doc. 10 at 2). Moreover, here, the parties agree that this case became removable when the Ulta Employees were dismissed (as such dismissal created complete diveristy between the remaining parties: Plaintiff and Defendant Ulta). (*See* Doc. 9 at 2; Doc. 10 at 2). Thus, here, the sole question before the Court is whether Defendant Ulta filed the Notice of Removal within 30 days after it received solid and unambiguous information, in an amended pleading, motion, order, or other paper, that the Ulta Employees had been dismissed. (Docs. 9, 10, 14). If so, removal was timely; if not, it was not.

On the Court's review, Defendant Ulta received solid and unambiguous information that the Ulta Employees had been dismissed on February 18, 2019. Two "papers" (filed that day) support this conclusion: the Opposition Memorandum and the Amended Complaint.[5] (Docs. 4, 6). The Opposition Memorandum stated explicitly that, by filing the Amended Complaint, Plaintiff "**eliminated her claims against the three individual employee defendants**." (Doc. 6 at 11 n.3 (emphasis added)). And the Amended Complaint aligned with this representation—it neither: (1) identified the Ulta

---

[5] The Court concludes that both the Opposition Memorandum and the Amended Complaint constitute the type of "amended pleading, motion, order or other paper" contemplated by 28 U.S.C. § 1446(b)(3). *Accord Berera*, 779 F.3d at 365 (indicating that the term "other paper," as used in 28 U.S.C. § 1446(b)(3), has a broad definition).

5

Employees as "defendants"; nor (2) sought any relief from the Ulta Employees. (Doc. 4 at 1, 8). As Defendant Ulta did not file the Notice of Removal until May 2, 2019—over two months after its receipt of such solid and unambiguous information—removal was not timely, and remand is required. *Cf. WBCMT 2007-C33 Office 7870, LLC v. Breakwater Equity Partners LLC*, No. 1:14-CV-588, 2014 WL 6673712, at *6 (S.D. Ohio Nov. 24, 2014) (stating that a case became removable upon the filing of an amended complaint, which established complete diversity, as an "Amended Complaint supersedes the original").[6]

Defendant Ulta raises three arguments in opposition to this conclusion. But the Court does not find any of them persuasive.

First, Defendant Ulta claims that it was "ambiguous" whether Plaintiff had dismissed the Ulta Employees from the Amended Complaint, because the Amended Complaint retained the same caption as the Original Complaint (and subsequent filings)—*i.e.*, Wilson v. Ulta Salon, Cosmetic & Fragrance, Inc., **et al.** (Doc. 10 at 3, 7). The Court disagrees. The body—not the caption—of a complaint determines the parties to a case. *Engelhart v. Bluett*, No. C-160189, 2016 WL 5888002, at *2 (Ohio Ct. App. Oct. 7, 2016) ("Courts can look to the body of the complaint to determine the parties to the complaint."); *Briggs v. Wilcox*, 991 N.E.2d 262, 270 (Ohio Ct. App. 2013) ("[T]he

---

[6] *See also Hidey v. Ohio State Highway Patrol*, 689 N.E.2d 89, 91 (Ohio Ct. App. 1996) ("An amended complaint supersedes and replaces the original complaint."); *see, e.g.*, *Carter v. Univ. Park Dev. Corp.*, 94 N.E.3d 1019, 1023 (Ohio Ct. App. 2017) (noting that a trial court had ordered a plaintiff to effectuate any dismissal of "11 individual defendants by way of Civ.R. 41(A)(1) or by Amended Complaint" (quotation marks omitted)).

6

determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption." (quotation marks and citation omitted)). And here, the body of the Amended Complaint identified one (and only one) party as a "defendant": Defendant Ulta. (Doc. 4 at 1). Under such circumstances, no ambiguity existed; the Ulta Employees had been dismissed. Defendant Ulta's first argument is not availing.[7]

Second, Defendant Ulta claims that it was "ambiguous" whether Plaintiff had dismissed the Ulta Employees from the Amended Complaint, because the Amended Complaint contained numerous allegations regarding the Ulta Employees' conduct. (Doc. 10 at 3–4, 7). The Court disagrees. A close review of the Amended Complaint shows that: it did not reference the Ulta Employees' conduct to establish personal liability (for the Ulta Employees); it referenced the Ulta Employees' conduct to establish *respondeat superior* liability (for Defendant Ulta)—under its *respondeat superior* "claim."[8] (*See* Doc. 4 at 8 ("Under the doctrine of *respondeat superior*, [Defendant Ulta]

---

[7] The Court also notes that, as a general matter, a case caption does not change simply because a party is added to or dropped from a case. *Cf. Hileman v. Kramer*, No. 15066, 1995 WL 765959, at *8 (Ohio Ct. App. Dec. 29, 1995) (citing a jury instruction, which stated as follows: "when a party to a case is dismissed, the caption in the case does not change").

[8] As Defendant Ulta correctly notes, *respondeat superior* is not a separate "claim"; it is a liability theory. (Doc. 10 at 4). However, on the Court's review, Plaintiff's decision to set forth its *respondeat superior* liability theory as a separate "claim," though inartful, does not create any ambiguity. (*Id.*) Upon a fair reading of the Amended Complaint, and in light of the Opposition Memorandum's plain assertion (that Plaintiff "eliminated her claims" against the Ulta Employees), there is no question that, notwithstanding her inartful pleading, Plaintiff sought to hold Defendant Ulta liable for the Ulta Employees' alleged defamatory/tortious acts under a *respondeat superior* liability theory. (*See* Doc. 4; Doc. 6 at 11 n.3); *accord Anderson v. The Ohio State University Wexner Medical Center*, No. 2016-00761, 2017 WL 11486490, at *2 n.1 (Ohio Ct. Cl. June 21, 2017) (determining that an individual plaintiff had sought to hold a

7

is liable for the wrongful acts of the Ulta Employees . . . .")). Indeed, notwithstanding its reference to the Ulta Employees' conduct, the Amended Complaint sought relief against one (and only one) party: Defendant Ulta. (*See id.* ("**WHEREFORE**, [Plaintiff] requests that judgment be entered against Defendant Ulta Salon, Cosmetic & Fragrance, Inc. as follows . . . .") (emphasis added)). Under such circumstances, no ambiguity existed; the Ulta Employees had been dismissed. Defendant Ulta's second argument is not availing.

Finally, Defendant Ulta appears to claim that, by signing the Stipulation of Dismissal, Plaintiff waived her right to argue that the Amended Complaint (not the Stipulation of Dismissal) dismissed the Ulta Employees.[9] (*See* Doc. 10 at 8). The Court disagrees. A waiver is a voluntary relinquishment of a known right. *Gembarski v. PartsSource, Inc.*, 134 N.E.3d 1175, 1180 (Ohio 2019). Here, per the filings/emails submitted, Plaintiff's counsel consistently maintained that the Amended Complaint had dismissed Plaintiff's claims against the Ulta Employees. (*See* Doc. 6 at 11 n.3; Doc. 14 at 8, 10). And here, per the declarations submitted, Plaintiff's counsel only signed the Stipulation of Dismissal "[a]s a courtesy, and to make clear that the dismissals were intended to be with prejudice." (Doc. 14 at 9 (emphasis added); *id.* at 12 ("Plaintiff

---

corporate defendant liable for its agents' alleged malpractice, "based on the doctrine of *respondeat superior*," even though the individual plaintiff had delineated his *respondeat superior* liability theory as a "separate claim").

[9] To be precise, Defendant Ulta states as follows: "It is apparent that the parties disagreed about whether the Amended Complaint properly dismissed the individuals. However, there is no need to resolve this dispute because Plaintiff stipulated to the Court of Common Pleas in the Stipulation of Dismissal that it was dismissing its claims against [the Ulta Employees] as of **April 19, 2019**, well within the 30 day lookback period of [Defendant Ulta's] removal." (Doc. 10 at 8). April 19, 2019 appears to be a typo; the Stipulation of Dismissal was filed April 17, 2019.

voluntarily dismisses all of her claims against [the Ulta Employees] <u>with prejudice</u>."
(emphasis added)). On such facts, the Court will not conclude that, by signing the
Stipulation of Dismissal, Plaintiff waived her right to argue that the Amended Complaint
had already dismissed the Ulta Employees. Defendant Ulta's last argument is not
availing.

## IV. CONCLUSION

Based upon the foregoing, the Motion to Remand (Doc. 9) is **GRANTED**.
Accordingly, this case is **REMANDED** to the state court from which it was removed.
And this case is **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date: 2/11/2020

Timothy S. Black
United States District Judge